

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00165-CR

GEORGE LYNN TARVER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR18-122

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

George Lynn Tarver, Jr., entered an open plea of guilty to possessing a prohibited substance in a correctional facility, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.11 (Supp.). After a punishment trial to the bench, Tarver was sentenced to two years' incarceration. He appeals.

Tarver's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 9, 2019, counsel mailed to Tarver a copy of the brief, the appellate record, and the motion to withdraw. Tarver was informed of his right to review the record and file a pro se response. By letter dated November 12, this Court informed Tarver that any pro se response was due on or before December 12. On December 31, this Court further informed Tarver that the case would be set for submission on the briefs on January 21, 2020. We received neither a pro se response from Tarver nor a motion requesting an extension of time in which to file such a response.

We have independently reviewed the entire appellate record and find that no reversible error exists. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005); *Bledsoe v. State*, 178 S.W.3d

2

824, 826–27 (Tex. Crim. App. 2005). We do note, however, that the trial court's judgment in this case mistakenly states the terms of the plea bargain agreement with the State.

This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to modify incorrect judgments is not dependent on the request of any party; the appellate court may act sua sponte. Rule 43.2 of the Texas Rules of Appellate Procedure provides direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2. Under a section titled "Terms of Plea Bargain," the judgment states, "CONFINEMENT IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR A TERM OF TWO (2) YEARS," but the reporter's record reveals that Tarver and the State agreed to a sentencing cap of four years.[1] Accordingly, we modify the judgment to reflect that agreement.

---

[1]A cap on punishment constitutes a punishment recommendation and is considered a plea bargain. *See Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003); *see also* TEX. R. APP. P. 25.2(a)(2). However, the reporter's record shows that the trial court granted Tarver the right to the appeal, and the trial court's corrected certification properly reflects Tarver's right to appeal.

We modify the "Terms of Plea Bargain" section in the judgment to show that it was for confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of no more than four years.  As modified, we affirm the judgment of the trial court.[2]


Scott E. Stevens
Justice

Date Submitted:     January 21, 2020
Date Decided:       February 21, 2020

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.